**UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**REGIONS BANK d/b/a
Regions Mortgage,**

           **Plaintiff,**

**v.**                                     **Case No. 3:12cv118-MCR/EMT**

**KEL TITLE INSURANCE
GROUP, INC. and KAUFMAN
ENGLETT & LYND, PLLC,**

           **Defendants.**

_____/

## <u>ORDER</u>

Defendant Kaufman, Englett & Lynd, PLLC ("KEL Law"), has filed a motion to dismiss for failure to state a claim (doc. 21), *see* Fed. R. Civ. P. 12(b)(6), and lack of standing.  Plaintiff Regions Bank d/b/a Regions Mortgage ("Regions Bank") opposes the motion.  The court finds that the motion is due to be denied.

**Background**

In its complaint, Regions Bank has brought suit against KEL Law for breach of contract, malpractice and civil conspiracy.[1]  The complaint alleges that a borrower, Darly Meyer, applied for a loan from Regions Bank on June 3, 2008, to purchase property located at 12 Grand Pointe Drive, Panama City Beach, Florida.  Regions Bank agreed to provide a loan of $825,000 in exchange for the borrower's promise to pay and first mortgage lien against the property.  The borrower received a warranty deed on or about July 25, 2008, and executed a mortgage securing the note; the warranty deed was

---

[1]  Regions Bank also sued Defendant KEL Title Insurance Group, Inc., seeking declaratory relief and alleging claims of breach of contract, statutory bad faith, breach of implied warranty of good faith, and civil conspiracy, all stemming from a title insurance policy and closing protection letter that Regions Bank purchased from KEL Title Insurance Group, Inc.  The breach of implied warranty claim has been dismissed by stipulation of the parties (doc. 39).

recorded on September 18, 2008. The borrower also executed a second mortgage securing a revolving line of credit, encumbering the same property.

The complaint alleges that on June 26, 2008, Defendant KEL Title Insurance Group, Inc. ("KELTIG") issued a commitment for title insurance to Regions Bank.[2]  Regions Bank required a first mortgage lien against the property, and the closing instructions provided to KELTIG's agent required all reasonable actions be taken to record the lien in a first priority position.  KELTIG issued a title insurance policy to Regions Bank on September 18, 2008, in the amount of $825,000, providing insurance for loss or damage caused by the invalidity or unenforceability of the mortgage and ensuring that this mortgage would be the first lien. Regions Bank's first and second mortgages were recorded in the public records of Walton County, Florida, on September 18, 2008.

Regions Bank alleges in the complaint that, on September 15, 2009, it learned of a cloud on its title and requested coverage under its KELTIG policy.  Namely, Regions Bank learned that on December 14, 2007, Washington Mutual Bank, F.A. ("WAMU") had received an interest in the property located at 12 Grand Pointe Drive, Panama City Beach, Florida, through a mortgage securing the sum of $1,200,000, and WAMU had brought suit to foreclose its interest in the property on August 15, 2008.  Regions Bank's mortgages and the warranty deed had not yet been recorded by that date, and thus, Regions Bank was not named in the WAMU foreclosure.  On March 13, 2009, WAMU received a final judgment granting it the right to foreclose its first lien on the property, and WAMU obtained a final certificate of title for the property on April 18, 2009.

KELTIG allegedly acknowledged receipt of Regions Bank's claim in October 2009, and advised that the claim would be administered by Craig R. Lynd, Esq., an attorney at KEL Law who also had signed to attest the KELTIG title insurance policy.  According to Regions Bank, it understood that KELTIG and KEL Law would move forward with curative work and that KEL Law would represent it as retained counsel for purposes of this curative

---

[2]  It is also alleged that  KELTIG's title agent, Top Title, Inc., cosigned the commitment letter and that KELTIG also issued a separate closing protection letter, in which it agreed to indemnify Regions Bank for losses suffered as a result of actions or inactions of Top Title, Inc.

work. Regions Bank alleges that the defendants moved to intervene and vacate the final judgment in the WAMU foreclosure action on December 23, 2009, eight months after the final judgment and without any basis in law or fact, and the motion was denied.[3]

Regions Bank heard nothing further from the defendants and demanded payment on its claim in the amount of $825,000 on June 15, 2010. On March 4, 2011, still having received no response, Regions Bank again demanded payment from KELTIG. The defendants subsequently informed Regions Bank of their intent to file a quiet tile action in the circuit court for Walton County "for the purpose of obtaining a judicial determination that Regions Bank's mortgage remains a valid encumbrance on the property," to which Regions Bank responded that it believed the action would be contrary to Florida law. Regions Bank requested an explanation but did not receive one. The complaint asserts that on April 4, 2011, the defendants filed an allegedly baseless quiet title action in the name of Regions Bank against an innocent purchaser for value, which Regions Bank did not authorize. On April 19, Regions Bank notified KEL Law that it had not authorized the suit.

The complaint also asserts that KELTIG and KEL Law are highly entangled business entities, such that an attorney from KEL Law responded to Regions Bank's March 4, 2011 demand letter addressed to KELTIG. Regions Bank complained of this level of entanglement in an August 30, 2011 letter, noting that KEL Law was acting as Regions Bank's retained counsel and therefore should not be answering coverage questions. Around that same time, Regions Bank learned that KEL Law was representing multiple defendant borrowers in suits against Regions Bank as part of foreclosure actions. Regions Bank asked KEL Law to withdraw its representation of borrowers against Regions Bank. KEL Law withdrew from some but in at least one case, Regions Bank had to file a motion,

---

[3] The complaint further alleges that on October 8, 2009, KELTIG filed suit against the closing agent, Top Title, Inc., and in an amended complaint asked the court to award it $825,000, stating that KELTIG had expended this amount in connection with the foreclosure suit to protect the interests of Regions Bank, their insured, incurred as a result of Top Title, Inc.'s negligence, and claiming to stand in the insured's shoes. Regions Bank asserts that KELTIG is therefore judicially estopped from now taking any position that it is not required to pay Regions Bank.

arguing that KEL Law was operating under conflicting interests. In late September 2011, KELTIG retained new counsel, who notified Regions Bank that counsel recommended dismissal of the quiet title action because it was unlikely to prevail against an innocent purchaser for value. On January 5, 2012, Regions Bank made a final demand for payment in the amount of $861,392.17. KELTIG and KEL Law allegedly responded by stating they were continuing to investigate the claim.

In its claims against KEL Law, Regions Bank asserts that the law firm breached its contract, committed legal malpractice, and conspired against Regions Bank by filing a meritless action on behalf of Regions Bank without its consent, by continuing representation despite a conflict, and by conspiring with KELTIG to delay a final decision on its claim for coverage, frustrating Regions Bank's efforts to collect on the policy. KEL Law moves to dismiss the claims against it, arguing that Regions Bank lacks standing and has failed to allege a plausible claim of malpractice or conspiracy. KEL Law also suggests that the prayer for attorneys' fees is improper.

**Discussion**

The basic legal standards applicable to the court's review of a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) are set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (requiring pleading to contain facts sufficient to support a plausible claim for relief when accepted as true); and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (same). The court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *See Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012). The motion is properly denied if the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). This "plausibility standard" requires a showing of "more than a sheer possibility" that the defendant is liable on the claim. *Id.* The allegations of the complaint must set forth enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at

555. In other words, the complaint must contain sufficient factual matter, accepted as true, to permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, the court need not credit "[t]hreadbare recitals" of the legal elements of a claim unsupported by plausible factual allegations, because "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* As to the well-pleaded factual allegations, the court will "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

Before considering whether the claims satisfy federal pleading standards, however, the court must determine whether jurisdiction exists. KEL Law argues that the complaint fails to allege an injury or causation sufficient to demonstrate that it has standing to sue KEL Law. Each case or controversy must satisfy "the irreducible constitutional minimum of standing" to invoke this court's jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1323 (11th Cir. 2012). This requires a plaintiff to show the following:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Resnick*, 693 F.3d at 1323 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). Standing may be established at the pleading stage through "'general factual allegations of injury resulting from the defendant's conduct.'" *Id.* (quoting *Lujan*, 504 U.S. at 561).

KEL Law argues that Regions Bank's injury resulted from its risky loans to the borrower for which it is fully insured; that KEL Law had no involvement in the application, underwriting, formation, closing, review, auditing, or management of those loans; and that the complaint does not state any injury attributable to conduct of KEL Law. The court disagrees. In addition to the allegations of injury caused by KELTIG in the amount of the

unpaid policy limit, the complaint sufficiently alleges general injury from KEL Law's alleged breach of contract, malpractice and conspiracy. Regions Bank alleges an attorney-client relationship with KEL Law; that the business entities of KELTIG and KEL Law are entangled and worked together to delay and deny payment of the policy; and that KEL Law's lack of sound legal advice and conflict of interest contributed to KELTIG's delay of payment to Regions Bank on the policy for over two and one-half years, causing Regions Bank to be unable to exercise rights in the mortgaged property or to recover the policy funds, and causing Regions Bank to incur legal expenses by the filing of this lawsuit. On these allegations, there is sufficient injury in fact that is causally related to KEL Law's conduct to demonstrate standing at the pleading stage.

KEL Law also argues that Regions Bank has failed to state a plausible claim of malpractice or civil conspiracy. To assert a cause of action for legal malpractice in Florida, a plaintiff must allege the following: "1) the attorney's employment; 2) the attorney's neglect of a reasonable duty; and 3) the attorney's negligence as the proximate cause of loss to the client." *Law Office of David J. Stern, P.A. v. Sec. Nat'l Servicing Corp.*, 969 So. 2d 962, 966 (Fla. 2007) (internal marks omitted). KEL Law argues that Regions Bank has not alleged any redressable damages causally related to its alleged professional negligence or the alleged conflict of interest. On the contrary, the complaint alleges that KEL Law's negligent legal advice and conflict of interest exhibit a conspiracy that caused delay of a final decision regarding its policy benefits, necessitating the filing of this lawsuit and expenses incurred therein. This plausibly alleges injury that is causally related to the alleged malpractice for purposes of pleading a claim.

KEL Law also argues there is no allegation of an agreement between KEL Law and KELTIG to do an illegal act or a legal act by unlawful means sufficient to state a claim for civil conspiracy. "A civil conspiracy requires a showing of (1) an agreement between two or more parties; (2) to do an unlawful act, or a lawful act by unlawful means; (3) an overt act in pursuance of the conspiracy; and (4) damage." *JDI Holdings, LLC v. Jet Mgm't, Inc.*,

732 F. Supp. 2d 1205, 1230 (N.D. Fla. 2010) (applying Florida law). Construing the complaint as a whole and the allegations in the light most favorable to the plaintiff, the court finds the allegations sufficiently allege circumstances from which an agreement may be plausibly inferred.

Finally, KEL Law argues that the claim for attorneys' fees is improper in this instance. Under the American Rule, followed in Florida, each party ordinarily bears his own attorneys' fees, subject exception by statute or agreement of the parties. *See generally*, *Trytek v. Gale Indus., Inc.*, 3 So. 3d 1194, 1198 (Fla. 2009); *Gen. Motors Corp. v. Sanchez*, 16 So. 3d 883, 884 (Fla. 3d DCA 2009). Regions Bank acknowledges this general rule but argues that attorneys' fees also may be considered an element of damages under the wrongful act doctrine in the malpractice context, citing several Florida cases. *See generally Horowitz v. Laske,* 855 So. 2d 169, 174 (Fla. 5th DCA 2003); *State Farm Fire and Cas. Co. v. Pritcher*, 546 So. 2d 1060, 1061 (Fla. 3d DCA 1989). Under this doctrine, "[w]here a defendant has committed a wrong toward the plaintiff, and the wrongful act has caused the plaintiff to litigate with third persons, the wrongful act doctrine permits the plaintiff to recover, as an additional element of damages, plaintiff's third party litigation expense." *Pritcher*, 546 So. 2d at 1061. Regions Bank argues that attorneys' fees are an appropriate element of damages in this legal malpractice action because suit against KELTIG was made necessary by KEL Law's alleged wrongful conduct (malpractice) of providing baseless curative legal work on which KELTIG relied as a reason to delay payment of insurance proceeds to Regions Bank. *See Gunster, Yoakley & Stewart, P.A. v. McAdam*, 965 So. 2d 182, 183-84 (Fla. 4th DCA 2007) (affirming award of attorney's fees for wrongful act of attorney); *Horowitz*, 855 So. 2d at 174 (stating "wrongful act doctrine" is an element for damages in a legal malpractice claim); *see also Martha A. Gottfried, Inc. v. Amster*, 511 So. 2d 595, 598 (4th DCA 1987) (stating, as an exception to the ordinary rule regarding attorneys' fees, that reasonable attorneys' fees may be recovered as an element of damages where a defendant's wrongful act involved the claimant in litigation with others

thus causing the claimant to incur such expenses to protect its interests).  The court agrees with Regions Bank that the circumstance alleged – i.e., that Regions Bank was forced to litigate with KELTIG and thus incur attorneys' fees in order to obtain payment of insurance proceeds under its title insurance policy –  states a plausible claim for attorneys' fees as an element of damages against KEL Law in the malpractice claim, and the court therefore will not dismiss this element of potential damages at the pleading stage.

Accordingly, having fully considered the motion and the parties' arguments, Defendant KEL Law's Motion to Dismiss (doc. 21) is DENIED.

**DONE AND ORDERED on this 1st day of November, 2012.**


s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**